PEOPLE v. KLIPFEL.

(Supreme Court, Appellate Division, Fourth Department. January 18, 1899.)

PROCURING AUDIT OF FRAUDULENT CLAIM—INDICTMENT.

An indictment charges only the crime of procuring an audit of a fraudulent claim, under Pen. Code, § 165, making it a felony for a public officer, part of whose duty it is to take part in auditing claims, to knowingly audit, consent to or connive at the auditing of, a fraudulent claim, and not also a crime under section 672, making it a felony for a person knowingly to present for audit a fraudulent claim, where, for complete audit of a claim against a county, under Laws 1895, c. 173, it is necessary that it be passed on by the auditor and board of supervisors, and the indictment, by its first clause and by its conclusion, alleges that it accuses defendant of the crime of knowingly auditing and allowing, and consenting to and conniving at, a fraudulent claim against the county, while being a public officer a part of whose duties was to take part in auditing claims against the county; though in its body it alleges, not only that he, while a mem-

ber of the board of supervisors, introduced, and caused to be adopted by the board, a resolution directing an order to be drawn for alleged expenses, he knowing the claim to be fraudulent, but also that he presented it to the county auditor for audit, and he allowed it.

Appeal from special term, Erie county.

An indictment against Frank E. Klipfel was demurred to by him, and from a judgment sustaining the demurrer appeal is taken by the people of the state of New York. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, and McLENNAN, JJ.

Thomas Penney, for the People.
W. H. Ticknor, for respondent.

McLENNAN, J. The indictment in question alleges, in substance, that at all the times mentioned in the indictment the respondent was a member of the board of supervisors of the county of Erie; that on the 6th day of October, 1896, the respondent introduced. and caused to be adopted by the board of supervisors, a resolution directing that an order be drawn on the county treasurer of Erie county, in favor of the respondent and certain other county officials, for certain expenses alleged to have been incurred by them; that the claim was false and fraudulent, and was so known to be by the respondent; that the respondent presented such claim to the county auditor for audit, and that said auditor allowed the same. The indictment was demurred to upon the ground, among others, that more than one crime is charged in the indictment in one count, in violation of the provisions of sections 278 and 279 of the Code of Criminal Procedure.

Section 278 provides:

"The indictment must charge but one crime and in one form, except as in the section provided."

Section 279:

"The crime may be charged in separate counts to have been committed in a different manner and by different means, and where the acts complained of may constitute different crimes, such crimes may be charged in separate counts."

Section 165 of the Penal Code provides as follows:

"A public officer * * * a part of whose duties it is to audit, allow or pay, or take part in auditing, allowing or paying claims or demands upon the state or such county, town or village, who knowingly audits, allows or pays, or directly or indirectly consents to or in any way connives at the auditing, allowance or payment of any claim or demand against the state or such county, town or village, which is false or fraudulent, * * * is guilty of felony."

Section 672 of the Penal Code provides:

"A person who knowingly, with intent to defraud, presents for audit or allowance or for payment, to any officer * * * of any county * * * authorized to audit or allow or to pay bills, claims or charges, any false or fraudulent claim, bill, account, writing or voucher, or any bill, account or demand containing false or fraudulent charges or claims, is guilty of a felony."

The indictment in this case assumes to charge the crime specified in section 165 of the Penal Code. The first clause of the indictment states:

"The grand jury of the county of Erie by this indictment also accuse Frank E. Klipfel of the crime of knowingly auditing and allowing, and consenting to and conniving at the auditing and allowing of, a false and fraudulent claim against the county, while then and there being a public officer a part of whose duties was to take part in auditing claims and demands against said county."

Substantially the same allegation is made the concluding part of the indictment, following the words, "and so the grand jury aforesaid do say." In the body of the indictment, however, all the acts of the respondent which in any way related to the allowance of the alleged fraudulent claim are fully set out. Such statement of the defendant's connection with the claim in question, it is urged, charges two separate and distinct crimes,—one under section 165 of the Penal Code referred to, and the other under section 672. By chapter 173 of the Laws of 1895, the office of county auditor was created for the county of Erie. By that act it is made the duty of such county auditor to examine and report upon all claims against the county for services, etc., to the board of supervisors of such county, before the same are audited and ordered paid by said board. It is made his duty, before reporting to the board of supervisors, to ascertain whether such claims are just and true, and whether the services charged for have been rendered. After such claim is examined, audited, and reported upon by the auditor, the board of supervisors is then in position to act upon such claim and order it paid. Under the statute as it existed at the time when the alleged offense charged in the indictment was committed, the regular way of procuring an audit of any claim against the county of Erie was first to present such claim to the county auditor, and, if allowed by him, then to present such claim, with the auditor's report, to the board of supervisors, and procure the adoption of a resolution authorizing the payment of the same. It was essential to a complete audit that the claim should be presented to the county auditor, and acted upon by him, as well as by the board of supervisors. It is of no consequence that the respondent in this case first procured a resolution of the board of supervisors to be adopted authorizing the payment of the claim, and that he then presented the claim to the auditor for allowance by him. Both were necessary to complete the audit of the claim. It is clear that presenting the claim, if fraudulent, by the respondent to the auditor, was a crime, within the provisions of section 672 of the Penal Code; but that was not the crime for which the respondent was indicted. He was indicted for procuring the audit of a fraudulent claim, in violation of the provisions of section 165 of the Penal Code; and the fact that certain of the respondent's acts, when standing alone, constituted a crime under section 672, cannot be of importance when those acts were essential ingredients of the crime specified in section 165.

In order to convict the respondent, under section 165 of the Penal Code, of having procured a full and complete audit of the alleged

fraudulent claim, it would be necessary to prove every fact alleged in the indictment in question, and, if any of the facts alleged were omitted therefrom, it would be defective. As before said, the fact that certain of the acts alleged, which were necessary to complete the offense under section 165, when taken by themselves, constitute another and distinct offense, under another section of the Penal Code, cannot be of consequence. Else it would be impossible to prepare a proper indictment charging a person with the offense specified in section 165, because it would be impossible to allege all the facts constituting that offense in one count, without being subject to the objection urged on behalf of the respondent in this case, viz. that the facts alleged in such indictment constituted two crimes. The judgment sustaining the demurrer should be reversed, and the demurrer overruled.

Interlocutory judgment reversed, and demurrer overruled, with leave to the defendant to plead anew. All concur, except WARD, J., not voting.